IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| **PATRICK HENRY MURPHY, JR.,** § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> **BRYAN COLLIER,** Executive Director, § <br> Texas Department of Criminal Justice, § <br> Huntsville, Texas § <br> § <br> **LORIE DAVIS,** Director, Texas Department § <br> of Criminal Justice, Correctional Institutions § <br> Division, Huntsville, Texas § <br> § <br> **BILLY LEWIS,** Warden, Texas Department § <br> of Criminal Justice, Huntsville Unit, § <br> Huntsville, Texas § <br> § <br> *Defendants*. § | Civil No. 4:19-cv-01106 <br> ***CAPITAL CASE*** |

**MOTION FOR STAY OF EXECUTION
PENDING DISPOSITION OF PLAINTIFF'S COMPLAINT
FILED PURSUANT TO 42 U.S.C. §1983**

**MR. MURPHY IS SCHEDULED TO BE EXECUTED ON
THURSDAY, MARCH 28, 2019 AFTER 6:00 PM**

TO THE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Patrick Henry Murphy, Jr. respectfully requests that this

Court grant him a stay of execution pending the resolution of his

1

complaint filed pursuant to 42 U.S.C. § 1983. Defendants have denied Murphy's request to have a Buddhist priest accompany him during his execution chamber. Under Defendants' policy, Murphy can choose either to have a TDCJ employed chaplain accompany him during his execution or to have no religious cleric accompany him during his execution. Defendants employ only Christian and Muslim clerics as chaplain. Defendants' policy violates Murphy's rights pursuant to the First Amendments' Establishment and Free Exercise Clauses and the Religious Land Use and Institutionalized Persons Act. Mr. Murphy's request for a reasonable accommodation to have a Buddhist spiritual advisor instead of a Christian chaplain in the execution chamber when he is executed has been denied. Mr. Murphy respectfully requests that this Court provide permanent injunctive relief ensuring that he is only executed in a manner that does not substantially burden the exercise of his religious beliefs and complies with the RLUIPA.

    Mr. Murphy is entitled to a stay of execution if this Court finds he has established: (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury

outweighs any harm that will result if the stay is granted; and (4) that the stay will not disserve the public interest. *Sells v. Livingston*, 750 F.3d 478, 480-81 (5th Cir. 2014); *see also Hill v. McDonough*, 547 U.S. 573, 584 (2006); *Barefoot v. Estelle*, 463 U.S. 880, 895-96 (1983).

There is a likelihood that this Court will find that Plaintiff's execution on March 28, 2019 pursuant to Defendants' policy would violate both the First Amendment and the RLUIPA. If a stay is not granted, Murphy will suffer an irreparable injury; he will be executed while being denied his right to exercise his religion. This injury outweighs the costs, if any, incurred by the Defendants if they are forced to reschedule Murphy's execution for a later date. Accordingly, Murphy is entitled to a stay of execution so that this Court can consider his complaint filed pursuant to 42 U.S.C. § 1983; Murphy is also entitled to a stay until the Defendants are able to and agree to carry out Murphy's execution in a manner consistent with the U.S. Constitution and federal law.

Respectfully submitted,

/s/ David R. Dow

_____
David R. Dow
Texas Bar No. 06064900
Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131

*Counsel for Patrick Henry Murphy*

## Certificate of Service

I certify that on March 26, 2019 a true and correct copy of the above pleading was delivered via email to:

Gwen Vindell
Matthew Ottoway
Criminal Appeals Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Email: Gwendolyn.Vindell2@oag.texas.gov;
Matthew.Ottoway@oag.texas.gov

                                                  s/ Jeffrey R. Newberry
                                                  _____
                                                  Jeffrey R. Newberry