United States District Court
Southern District of Texas
**ENTERED**
March 26, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK HENRY MURPHY, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-1106 |
| TDCJ EXECUTIVE DIRECTOR BRYAN COLLIER, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Patrick Henry Murphy, is scheduled to be executed on Thursday, March 28, 2019, after 6 o'clock p.m., pursuant to his conviction and sentence entered in the 283rd District Court of Dallas County, Texas. On Tuesday, March 26, 2019, Murphy filed the instant complaint pursuant to 42 U.S.C. § 1983. (Complaint Filed Pursuant to 42 U.S.C. § 1983, Docket Entry No. 1) Murphy has also submitted a Motion for Stay of Execution Pending Disposition of Plaintiff's Complain Filed Pursuant to 42 U.S.C. § 1983. (Docket Entry No. 3) Murphy challenges Texas Department of Criminal Justice ("TDCJ") procedures that specify which individuals may accompany an inmate during the execution of his death sentence. Because Murphy has unreasonably delayed in bringing this action the court will deny his motion for a stay of execution.

## I. **Background**

On December 13, 2000, seven inmates serving long sentences for violent crimes, including Murphy, escaped from a Texas state prison in Kenedy, Texas.[1] This group has come to be known as the "Texas Seven." The group eventually killed a police officer during a robbery in Irving, Texas. The men fled to Colorado where they were apprehended. Murphy was taken back to Texas. In 2003 he was tried for capital murder and sentenced to death. Murphy has challenged his conviction and sentence in both state and federal court.

Murphy has committed himself to the teachings of Buddha almost a decade ago.[2] Rev. Hui-Yong Shih, also known as Gerald Sharrock, has been Murphy's TDCJ-approved spiritual advisor for six years.

The State set an execution date in December of 2018.

On February 21, 2019, Murphy "made known to Counsel his desire to have his spiritual advisor . . . present in the execution chamber when he is executed on March 28 instead of the TDCJ Christian chaplain who is ordinarily present in the execution chamber during executions." (Docket Entry No. 1, p. 3) On

---

[1] The brief factual summary of Murphy's crime and legal proceedings is taken from the Fifth Circuit's opinion on federal habeas review. See Murphy v. Davis, 737 F. App'x 693 (5th Cir. 2018).

[2] The court takes the factual summary relating to the instant complaint from the pleadings in this case and the pleadings filed with Murphy's Writ of Prohibition in the Texas Court of Criminal Appeals. In re Patrick Henry Murphy, Jr., WR-63,549-02, at 3 (Tex. Crim. App. March 26, 2019).

2

February 28, 2019, counsel sent an email to Sharon Howell, TDCJ General Counsel, stating that the presence of Murphy's spiritual advisor is necessary to "focus on the buddha at the time of death . . . ." (Docket Entry No. 1-1, Exhibit 1) Counsel's email also requested that TDCJ not disturb his body for seven days following the execution or, in the alternative, for seven minutes.[3]

On March 5, 2019, Ms. Howell responded by email and informed counsel that the presence of the TDCJ chaplain "is entirely an inmate's choice . . . ." (Docket Entry No. 1-2, Exhibit 2) Ms. Howell stated that the prison would also allow Murphy's body to rest for seven minutes after the execution. However, Ms. Howell provided the following response to Murphy's request for the presence of his spiritual advisor:

> We do not permit a non-TDCJ employee be present in the execution chamber during the execution, which precludes Mr. Murphy's spiritual advisor from being present. Mr. Murphy should place his spiritual advisor on his witness list, and that way the spiritual advisor can observe through the window in the witness room. If Mr. Murphy would like to visit with his spiritual advisor prior to the execution, we can provide a time beginning at 3 pm and ending no later than 4 pm on the day of the execution, as we have done for other inmates.

(Docket Entry No. 1-2, Exhibit 2)

Ms. Howell based her email on TDCJ execution procedure that

---

[3] Additionally, counsel's email asked that, if the TDCJ chaplain who is normally attendant is present at his execution, he not touch him during the process.

3

was adopted in July of 2012.[4] In relevant part, the TDCJ execution protocol reads, "the Huntsville Unit Chaplain or a designated approved TDCJ Chaplain shall accompany the offender while in the Execution Chamber."[5] While the protocol appears to be mandatory, in practice TDCJ permits an offender to forgo the presence of a TDCJ employee chaplain should he so choose.[6]

On March 7, 2019, counsel sent Ms. Howell an email stating: "i am assuming from your email TDCJ, so far as you are aware, does not have a buddhist priests on its staff; however, if i am mistaken, and there is such a buddhist on the TDCJ staff, then i believe murphy would be content to have him in the chamber." (Docket Entry No. 1-3, Exhibit 3) The record does not contain a response to this email.

On March 20, 2019, Murphy filed a Petition for a Writ of Prohibition in the Texas Court of Criminal Appeals. The petition raised two issues:

1. TDCJ's policy demonstrates a clear preference for one religion (Christianity) over all others. Murphy has a clear right to relief pursuant to the First Amendment's

---

[4] Texas adopted its lethal-injection protocol in 2008. Texas revised its execution protocol in 2012, but without any change to its core procedures. See Trottie v. Livingston, 766 F.3d 450, 453 (5th Cir. 2014).

[5] See Respondents' Opposition to Relator's Motion for Leave to File Petition for Writ of Prohibition and Motion for Stay of Execution, In re Patrick Henry Murphy, Jr., WR-63,549-02, at 3 (Tex. Crim. App.), Exhibit A.

[6] See id. at 11, n.2.

> Establishment Clause.
>
> 2. TDCJ's policy unjustifiably interferes with Murphy's ability to practice his religion and therefore violates his First Amendment right to the Free Exercise of religion.

Petition for Writ of Prohibition, In re Patrick Henry Murphy, Jr., WR-63,549-02, at 3 (Tex. Crim. App.) at iv.

On March 26, 2019, the Court of Criminal Appeals denied the petition for a writ of prohibition. The Court of Criminal Appeals stated: "[p]rohibition relief is only available if a relator shows that he has a clear right to the relief sought and no other adequate legal remedy." In re Patrick Henry Murphy, Jr, WR-63,549-02, at 3 (Tex. Crim. App. March 26, 2019). The Court of Criminal Appeals found that "Murphy has not shown that he meets either requirement for prohibition in this case." Id.

Murphy filed this action under 42 U.S.C. § 1983. Murphy's complaint raises three arguments: (1) TDCJ's execution protocol violates the First Amendment's Establishment Clause because it is not neutral between religions; (2) the protocol violates his First Amendment right to Free Exercise of religion by interfering with his ability to practice his religion; and (3) the policy violates the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq. ("RLUIPA").

## II. Standard for Staying Execution in 1983 Litigation

Murphy asks the court to stay his execution. "[A] stay of execution is an equitable remedy, and an inmate is not entitled to

a stay of execution as a matter of course." Hill v. McDonough, 126 S. Ct. 2096, 2104 (2006). In deciding whether to issue a stay of execution, a court must consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other party interested in the proceeding; and (4) where the public interest lies. See Nken v. Holder, 129 S. Ct. 1749, 176 (2009). However, a motion for a stay depends on the operation of equity. See Hill, 126 S. Ct. at 2104 In the balance of equity, "dilatory behavior" may weigh heavily against a plaintiff. Ramirez v. McCraw, 715 F. App'x 347, 351 (5th Cir. 2017).[7]

### III. Timing of Murphy's Complaint

Murphy filed this lawsuit only two days before his scheduled execution. This case can only proceed if the court issues a stay. Equitable relief should be denied when Murphy is dilatory in bringing his action so as to delay execution of his sentence. "Equity must take into consideration the State's strong interest in

---

[7] When inmates file motions requesting a preliminary injunction, a TRO, and a stay of execution, courts generally consider all the requests under either the preliminary-injunction or stay-of-execution standard. See Wood v. Collier, 836 F.3d 534, 538 (5th Cir. 2016); Trottie, 766 F.3d at 451; Sells v. Livingston, 561 F. App'x 342, 343 (5th Cir. 2014). The requirements for a preliminary injunction are substantially similar to those for a stay of execution. See Sells, 561 F. App'x at 344. The court would deny a preliminary injunction for the same reasons it will not stay Murphy's execution.

proceeding with its judgment . . . . A court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief." Gomez v. United States District Court for Northern District of Calif., 112 S. Ct. 1653, 1653 (1992).

Murphy points to recent litigation concerning the execution of Domineque Hakim Marcelle Ray in Alabama. Ray requested the presence during his execution of a spiritual advisor who was not authorized according to prison policy. Ray brought suit under § 1983 raising similar complaints under the Establishment Clause and RLUIPA. After reviewing Ray's significant litigation history and his previous opportunities to challenge the prison policy, the federal district court found that he did not merit a stay:

> In short, Ray has been dilatory in filing this action. He has shown no just or equitable reason for his delay, which cuts against a stay of execution. His complaint came "too late to avoid the inevitable need for a stay of execution," so a stay is not granted. Williams v. Allen, 496 F.3d 1210, 1213 (11th Cir. 2007) (affirming denial of stay when inmate waited to sue until the State requested an execution date); see also, e.g., Grayson, 491 F.3d at 1321, 1325 (affirming denial of stay when inmate sued before execution date was set); Henyard v. Secretary, 543 F.3d 644, 647-49 (11th Cir. 2008) (affirming denial of stay when inmate waited months to sue).

Ray v. Dunn, 2019 WL 418105, at *4 (M.D. Ala. 2019).

The Eleventh Circuit reversed, finding that "[t]he district court makes much of the fact that Ray's claims have been brought too close to the scheduled date for Ray's execution." Ray v. Commissioner, Alabama Department of Corrections, 915 F.3d 689, 702-

7

03 (11th Cir. 2019). The Eleventh Circuit emphasized that Alabama statutory law did not make clear that Ray's requested spiritual advisor could not be present in the execution. Also, the relevant prison policies were confidential and not available for review earlier. Without some evidence that Ray knew or should have known of the prison policy, the Eleventh Circuit found that "Ray has provided an altogether plausible explanation for why the claims were not filed in district court sooner and the state has neither argued nor produced any evidence that the petitioner was aware that the claims were available at an earlier date." Ray, 915 F.3d at 703. The Eleventh Circuit, therefore, stayed his execution.

In a short order, however, the Supreme Court vacated the stay of execution. The Supreme Court order reads as follows:

> On November 6, 2018, the State scheduled Domineque Ray's execution date for February 7, 2019. Because Ray waited until January 28, 2019 to seek relief, we grant the State's application to vacate the stay entered by the United States Court of Appeals for the Eleventh Circuit. See Gomez v. United States Dist. Court for Northern Dist. of Cal., 503 U.S. 653, 654, 112 S.Ct. 1652, 118 L.Ed.2d 293 (1992) (per curiam) ("A court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief.").

Dunn v. Ray, 139 S. Ct. 661 (Mem) (2019).

Murphy presents two arguments to differentiate his case from the Supreme Court's action in Ray. First, Murphy sent an email request to TDCJ a month, rather than only days, before his execution. Second, Murphy alleges that he "began seeking relief in the state courts even before TDCJ expressly denied his request."

8

(Docket Entry No. 1, p. 14)[8]

The Ray case, however, did not focus only on the number of days remaining before execution when the inmate filed suit. The district court stayed his execution because he knew, or should have known, that he needed to file suit much earlier. Murphy knew, or should have known, of the policy long before he sent TDCJ general counsel an email.

Murphy has been on death row since 2003. He has been a follower of Buddha for several years and has associated with the same spiritual advisor for some time. Since 2012, at least, TDCJ policy has only allowed for the presence of TDCJ employees during the execution process. Murphy alleges that "TDCJ's policy is identical to Alabama's in all relevant aspects . . . ." (Docket Entry No. 1, p. 13) He fails, however, to acknowledge a crucial difference. TDCJ execution policy is not confidential. Murphy had reason to know since its adoption that TDCJ policy would not allow the presence of his spiritual advisor.[9]

---

[8] In the state court litigation involving Murphy's petition for a writ of prohibition, the parties debated whether counsel's March 7, 2019, email amounted to a request for TDCJ to find an approved Buddhist priest. That is of no moment. Murphy has not shown that TDCJ could diverge from its protocol at that point or earlier. And, at any rate, Murphy should have raised his concerns much earlier.

[9] Counsel, an experienced death penalty litigator, has represented Murphy for a decade throughout legal challenges to his conviction and sentence. The concurrence to the denial of his petition for a writ of prohibition recounted counsel's history of bringing last-minute litigation. In re Patrick Henry Murphy, Jr.,

In November of 2018 the United States Supreme Court denied the petition for certiorari review from the Murphy's federal habeas action. The state district court set his execution date a month later. Murphy did nothing to communicate to TDCJ his desire for the presence of his spiritual advisor until 29 days remained before his execution. Murphy gave TDCJ little time to decide whether to vary its policy. And Murphy gave TDCJ little time to litigate any legal challenge that would follow. Once informed that TDCJ would not deviate from its policy, Murphy waited over two weeks to file litigation in state court. He filed this action only two days before his execution.

"Given the State's significant interest in enforcing its criminal judgments . . . there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." Nelson v. Campbell, 541 U.S. 637, 650 (2004). "In response to systemic abuses by prisoners bringing dilatory claims, the federal courts — and [the Fifth Circuit] in particular — have been forced to develop extensive jurisprudence resisting those requests for long-available claims presented, for the first time, on the eve of execution." Ruiz v. Davis, 850 F.3d 225, 229 (5th Cir. 2017); see also Bible v. Davis, 739 F. App'x

---

WR-63,549-02 (Tex. Crim. App. March 26, 2019) (Richardson, J., concurring).

766, 770 (5th Cir. 2018) (finding that a lawsuit brought nineteen days before execution was dilatory); Sepulvado v. Jindal, 729 F.3d 413, 420-21 (5th Cir. 2013) (vacating a stay where inmate challenged a procedure he had known about for two years); Brown v. Livingston, 457 F.3d 390, 391 (5th Cir. 2006) (denying equitable relief where "[a]lthough [the prisoner's] direct appeal has been final for seven years, he did not file the instant complaint until six days before his scheduled execution"); Reese v. Livingston, 453 F.3d 289, 291 (5th Cir. 2006) (denying stay of execution because "a plaintiff cannot wait until a stay must be granted to enable him to develop facts and take the case to trial — not when there is no satisfactory explanation for the delay"). Applying that governing law, the court finds that Murphy either knew or should have known about his potential claims and had ample opportunity to bring suit, but waited until the eve of his execution. The court finds that equity requires the denial of his motion to stay.

## IV. Conclusion

The Court does not address the substance of Murphy'S complaint because has not brought this action with sufficient time remaining to develop his claims. Murphy's motion for a stay of execution (Docket Entry No. 3) is **DENIED**.

11

**SIGNED** at Houston, Texas, on this 26th day of March, 2019.

```
                              _____
                                        SIM LAKE
                              UNITED STATES DISTRICT JUDGE
```