# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Courts
Southern District of Texas
FILED
*March 28, 2019*
David J. Bradley, Clerk of Court

4:19-CV-1106

No. 19-70007

United States Court of Appeals
Fifth Circuit
**FILED**
March 27, 2019
Lyle W. Cayce
Clerk

PATRICK HENRY MURPHY,

Plaintiff-Appellant,

v.

BRYAN COLLIER, Executive Director, Texas Department of Criminal Justice; LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division; BILLY LEWIS, Warden,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before SMITH, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:

Patrick Murphy is scheduled for execution on March 28, 2019, for the murder of police officer Aubrey Hawkins on December 24, 2000. His execution date was set on November 29, 2018. Murphy complains that the state of Texas permits only religious clerics who are employees of the Texas Department of Criminal Justice (TDCJ) to be physically present in the execution chamber at the time of an execution. He further complains that the TDCJ at present only employs chaplains who are Christian or Muslim, while acknowledging that the TDCJ contracts to bring chaplains and spiritual advisors of other religions into the prison facilities. Under the state's procedures, chaplains and spiritual advisors who are not employees of the TDCJ may meet with an inmate on the

execution date prior to entering the execution chamber and they may watch the execution from a viewing room, but they may not physically enter the execution chamber itself.

On March 20—eight days before his scheduled execution—Murphy petitioned the Texas Court of Criminal Appeals for a writ of prohibition seeking to prohibit his execution until the state allowed his preferred spiritual advisor—a Buddhist priest—to be physically present in the execution chamber at the time of execution. That petition was denied on March 25. On March 26—two days before his scheduled execution—Murphy filed a 42 U.S.C. § 1983 complaint and a motion for stay of execution with the federal district court, again seeking to prohibit his execution until the state allows his preferred spiritual advisor to be physically present in the execution chamber. His Section 1983 complaint alleged violations of the Establishment Clause, the Free Exercise Clause, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). In a well-reasoned eleven-page Memorandum Opinion and Order, the district court denied the motion for a stay of execution as untimely. Murphy appeals the district court's determination that he is not entitled to a stay of execution, filing his appeal with this court on March 27— one day before his scheduled execution.

"[W]e review a district court's decision to deny a stay of execution for abuse of discretion." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013). "[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). To be eligible for a stay of execution, Murphy must demonstrate: (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury outweighs any harm that will result if the stay is granted; and (4) that the stay

will not disserve the public interest. *See Adams v. Thaler*, 679 F.3d 312, 318 (5th Cir. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). However, "[a] court considering a stay must also apply a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Hill*, 547 U.S. at 584 (internal citation and quotation marks omitted). *See also Gomez v. U.S. Dist. Court for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992) ("A court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief."). The Supreme Court recently emphasized, yet again, the importance of timeliness when moving for a stay of execution. *See Dunn v. Ray*, 139 S. Ct. 661, 661 (2019) (vacating a stay of execution granted by a circuit court when the applicant waited until ten days before the scheduled execution to file his claim).

As the district court rightfully recognized, the proper time for raising such claims has long since passed. Murphy's execution date was set on November 29, 2018. By his counsel's admission, he waited until February 28 to first request that the state allow Murphy's preferred spiritual advisor to not just meet with him prior to entering the chamber and watch from the viewing room, but actually enter the execution chamber with him. He then waited until March 20—eight days before the scheduled execution—to raise his First Amendment and RLUIPA claims with the Texas Court of Criminal Appeals. Those claims were not raised before the federal district court until March 26—two days before the scheduled execution—and an appeal was not brought before this court until March 27—the day before the scheduled execution.

Murphy asserts that his allegations underlying this case are almost identical to those recently addressed by the dissenting Justices in *Ray*. *See* 139 S. Ct. at 661–62 (Kagan, J., dissenting). However, in making that assertion, without having timely sought factual development of his allegations

3

and the state's execution chamber procedures, Murphy fails to acknowledge at least one significant difference. Unlike the situation described by the dissenting Justices in *Ray*, the policy of only permitting TDCJ-employed chaplains into the execution chamber at issue in this case has been in place since at least 2012 and is not ambiguous about presence in the execution chamber as distinct from in the adjacent viewing area. The district court determined that the policy is not confidential and that Murphy's counsel is an experienced death penalty litigator who knew, or should have known, about the policy well before the weeks immediately preceding the scheduled execution. However, even if we were to accept Murphy's current representation that he and his counsel did not have access to the text of that policy, his counsel was definitively notified of that provision by an email from the TDCJ's general counsel on March 5. Nonetheless, Murphy waited until March 20 to raise any related claims before the Texas Court of Criminal Appeals, and until March 26 to raise any such claims before the federal courts. Such delays are unacceptable under the circumstances.

This court also takes note, as did the district court, of the multiple warnings that Murphy's counsel has received in the past for filing last-minute motions. *See In re Dow,* No. WR-57,060-03, 2010 WL 2332420 (Tex. Crim. App. Jun. 9, 2010) (finding Dow failed to show cause for his untimely filing and warning that further untimely filings could result in sanctions). *See also In re Dow,* 481 S.W.3d 215 (Tex. 2015) (noting that the Texas Court of Criminal Appeals held Dow in contempt for his untimely filings and barred him from practicing before that court for one year).

"In response to systemic abuses by prisoners bringing dilatory claims, the federal courts—and this circuit in particular—have been forced to develop extensive jurisprudence resisting those requests for long-available claims presented, for the first time, on the eve of execution." *Ruiz v. Davis,* 850 F.3d

No. 19-70007

225, 229 (5th Cir. 2017). *See also* 5th Cir. R. 8.10; *Bible v. Davis*, 739 F. App'x 766, 770 (5th Cir. 2018) (unpublished); *Preyor v. Davis*, 704 F. App'x 331, 344 (5th Cir. 2017) (unpublished); *In re Edwards*, 865 F.3d 197, 209–10 (5th Cir. 2017); *In re Paredes*, 587 F. App'x 805, 826 (5th Cir. 2014) (unpublished); *Sepulvado v. Jindal*, 729 F.3d 413, 420–21 (5th Cir. 2013); *Brown v. Livingston*, 457 F.3d 390, 391 (5th Cir. 2006); *Reese v. Livingston*, 453 F.3d 289, 290–91 (5th Cir. 2006); *White v. Johnson*, 429 F.3d 572, 573–74 (5th Cir. 2005). As such, the district court did not abuse its discretion and Murphy's motion for a stay of execution is DENIED.



Certified as a true copy and issued
as the mandate on Mar 27, 2019

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit