IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| **PATRICK HENRY MURPHY, JR.,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| **BRYAN COLLIER,** Executive Director, § | |
| Texas Department of Criminal Justice, § | |
| Huntsville, Texas § | |
| § | Civil No.4:19-cv-01106 |
| **LORIE DAVIS,** Director, Texas Department § | ***CAPITAL CASE*** |
| of Criminal Justice, Correctional Institutions § | |
| Division, Huntsville, Texas § | |
| § | |
| **BILLY LEWIS,** Warden, Texas Department § | |
| of Criminal Justice, Huntsville Unit, § | |
| Huntsville, Texas § | |
| § | |
| *Defendants*. § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

   The conference required by Rule 26(f) was held on April 4, 2019. Leah O'Leary represented the Defendants. Jeff Newberry represented the Plaintiff.

1

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    Two related cases are pending in the Supeme Court. They are:

    18A985 – Murphy v. Collier et al.
    18-8615 – In Re Patrick Henry Murphy

3.  **Specify the allegation of federal jurisdiction.**

    28 U.S.C. §§ 1331, 1343, 1651, 2201, and 2202, and
    42 U.S.C. § 1983

4.  **Name the parties who disagree and the reasons.**

    The Defendants do not disagree to the allegation of federal jurisdiction, but Defendants might make a standing argument if they believe any of Plaintiff's claims are now moot, in light of the updated version to their Execution Procedures document Defendants enacted on April 2, 2019.

    Related to this, Plaintiff intends to file an Amended Complaint, no later than April 18, in which he will address Defendants' new document and argue it does not render moot any of his claims.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None

6.  **List anticipated interventions.**

    There are no anticipated interveners.

Somewhat related to this, Plaintiff believes there exists a possibility Becket Law might seek to file an amicus brief in the case. Becket filed an amicus brief in the Supreme Court. Plaintiff has not been in contact with Becket about whether it intends to ask this Court for permission to file as an amicus, but Plaintiff believes there is a possibility Becket will do so.

**7. Describe class-action issues.**

None. Counsel for Plaintiff will represent no other Plaintiffs on this matter. Plaintiff does not know and has had no discussions related to whether any other death-row inmates might attempt to join this suit.

**8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The first opportunity the parties had to discuss initial disclosures pursuant to Rule 26(a) was during the April 4 conference.

The parties anticipate initial disclosures will be made by May 28, 2018.

**9. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

Counsel for each party have discussed anticipated discovery and potential objections. The parties have also discussed a proposed discovery deadline.

### B. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff anticipates he may send interrogatories to: Defendant Collier, Defendant Davis, Defendant Lewis, any other person disclosed as being someone with the authority to make changes to the execution protocol, and any other person involved in the process of selecting and vetting the people who are allowed to be in the execution chamber.

If Defendants fail to disclose information Plaintiff believes should be disclosed pursuant to Rule 26(a)(1)(A)(ii), Plaintiff anticipates sending interrogatories to the custodian(s) of records containing the following information:

1. A list of everyone who has been in the execution chamber during an execution since 12/7/1982, the dates of the executions at which they were present, and the date they began working for TDCJ (and if any of these people were not TDCJ employees at the relevant time, this needs to be indicated on the list).

2. A list of all the people who were investigated to determine whether they could be present in the chamber but were denied.

3. A list of all of the current death row prisoners who have designated a religion pursuant to the process described in AD-07.30 or any other process, what religion was designated, and when that designation was made. If for any of the current death row inmates their currently designated religion was not the one they originally designated (indicating they updated their original designation through the process described in AD-07.30), we need a list of all religions that inmate has designated and when the designation was made. If any religions not appearing on

4

>these lists have been designated by a Texas death row inmate from July 2, 1976 to present, a list that contains the names of the religions, the inmate who designated it, and the date of designation.

Plaintiff anticipates he would send these within thirty days of the date the Defendants provide the they are required to disclose pursuant to Rule 26(a).

### C. When and to whom the defendant anticipates it may send interrogatories.

Defendants anticipate they will send interrogatories to Plaintiff and his spiritual adviser.

### D. Of Whom and by when the plaintiff anticipates taking oral depositions.

Depending on the answers he receives from the interrogatories, Plaintiff anticipates he may send interrogatories to: Defendant Collier, Defendant Davis, Defendant Lewis, any other person disclosed as being someone with the authority to make changes to the execution protocol, and any other person involved in the process of selecting and vetting the people who are allowed to be in the execution chamber.

Plaintiff anticipates he would complete these within thirty days of the date he receives responses to the interrogatories.

### E. Of Whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking the deposition of the Plaintiff and that of his spiritual advisor.

5

> **F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**
>
> Plaintiff does not anticipate he will designate any experts.
>
> **G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
>
> Plaintiff does not anticipate he will designate any experts.
>
> **H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
>
> At this time, Defendants do not anticipate taking any expert depositions.

**10. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

> Defendants will not agree to Plaintiff's either sending interrogatories to or taking a deposition from Defendant Collier or any other person Defendants believe do not possess relevant information.

**11. Specify the discovery beyond initial disclosures that has been undertaken to date.**

> None.

6

12. **State the date the planned discovery can reasonably be completed.**

    June 28, 2019.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    Plaintiff's sole demand is that, when he is executed, he be accompanied in the execution chamber by Rev. Shih, his Buddhist spiritual advisor, or another Buddhist reverend mutually agreed upon by the parties. The Defendants are not amenable to agreeing to Plaintiff's demand at this time.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Plaintiff's sole demand is that, when he is executed, he be accompanied in the execution chamber by Rev. Shih, his Buddhist spiritual advisor, or another Buddhist reverend mutually agreed upon by the parties. The Defendants are not amenable to agreeing to Plaintiff's demand at this time.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonable.**

    Plaintiff's sole demand is that, when he is executed, he be accompanied in the execution chamber by Rev. Shih, his Buddhist spiritual advisor, or another Buddhist reverend mutually agreed upon by the parties. The Defendants are not amenable to agreeing to Plaintiff's demand at this time.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Plaintiff consents to proceedings before a magistrate judge. At this time, Defendants do not consent.

17. **State whether a jury demand has been made and if it was made on time.**

    A jury demand has not been made and will not be made.

18. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate it will take 4 to 8 hours to present the evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    No motions are pending.

20. **List other motions pending.**

    No motions are pending.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    As indicated above, Plaintiff intends to file an Amended Complaint by April 18, in which he will address Defendants' Execution Procedures document (enacted on April 2, 2019) and argue it does not render moot any of his claims.

**22. List the names, bar numbers, addresses, and telephone numbers of *all* counsel.**

Counsel for Plaintiff:

/s/ David R. Dow

_____

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun Road
Houston, Texas 77204-6060
Tel. (713) 743-2171

/s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-6843

Counsel for Defendants:

*/s/ Leah O'Leary*
Leah O'Leary
Texas Bar No. 24079074
Southern Filing No. 1563191
Assistant Attorney General
Deputy Chief-Law Enforcement Division

*/s/ Amy Prasad*
Amy Prasad
Assistant Attorney General
Texas Bar No. 24037295
Southern Filing No. 563045

Office of the Attorney General
P.O. Box 12548 7th Fl.
William P. Clements Building
Austin, Texas 78711-2548
Tel. 512-463-2080