IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| **PATRICK HENRY MURPHY, JR.,** *Plaintiff*, | § § § |
| v. | § § |
| **BRYAN COLLIER,** Executive Director, Texas Department of Criminal Justice, Huntsville, Texas | § § § § |
| **LORIE DAVIS,** Director, Texas Department of Criminal Justice, Correctional Institutions Division, Huntsville, Texas | § Civil No.4:19-cv-01106 § ***CAPITAL CASE*** § § § |
| **BILLY LEWIS,** Warden, Texas Department of Criminal Justice, Huntsville Unit, Huntsville, Texas | § § § § § |
| *Defendants*. | § |

**Plaintiff's Motion to Compel Discovery**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE SIM LAKE:

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii), Plaintiff Patrick Henry Murphy, Jr. ("Murphy") respectfully asks the Court order Defendants to produce the names of all chaplains who have served during an execution and the dates these chaplains were began their employment with TDCJ.

**Statement of Facts**

During their Rule 26(f) conference on April 4, undersigned Counsel notified Defendants' Counsel that he believed Defendants should disclose: a list of everyone who has been in the execution chamber during an execution since December 7, 1982; the dates of the executions at which they were present; and the date they began working for TDCJ. This request was included in the Joint Discovery/Case Management Plan filed three days after the 26(f) conference. ECF No. 19 at 4. At the scheduling conference on April 18, Counsel explained this information's relevance, and Defendants' Counsel objected that "some of the identities of people involved in executions will be statutorily confidential." ECF No. 33 at 15. This Court responded that the Defendants could enter a protective order. *Id*. The parties subsequently agreed to such a protective order. ECF No. 31.

On May 28, Defendants made their initial disclosures. Included in the disclosures was Murphy's "Unit Chaplaincy File."[1] Deputy Director of Religious Services Timothy Jones provided this information. Included

---

[1] So as not to run afoul of Rule 5, Counsel has not included the "Unit Chaplaincy File" or the answers to interrogatories from Defendants Collier and Davis as exhibits to this motion. Should the Court order these be filed, Counsel would promptly do so.

in this file is an "Execution Witness List" for Murphy's execution, which had been scheduled to occur on March 28, 2019. This list includes the names of three chaplains identified as being chaplains for Murphy: Timothy Jones, Wayne Moss, Thomas Brouwer. This document was prepared on what appears to be Defendant Davis's letterhead and indicates both Defendant Collier and Defendant Davis were to witness Murphy's execution. The record appears to have been maintained by Assistant Warden Sergio Perez of the Polunsky Unit, whose affidavit attests that it was "maintained in the usual and regular course of business at the TDCJ." In their initial disclosures, Defendants provided the Execution Witness List only for Murphy's March 28 execution date and provided no information regarding chaplains who participated in earlier executions.

On May 23, Plaintiff sent Defendants Collier and Davis interrogatories, the eighth of which asked them to "[i]dentify everyone who has been in the execution chamber during an execution since December 7, 1982, the dates of the executions at which they were present, whether they were employed by TDCJ, and the date they began working for TDCJ. If you do not have these records going back to

December 7, 1982, provide this information for all executions for which you have retained this information." Collier responded by objecting that the interrogatory was not "reasonably limited in time," because "[r]ecords going back to 1982 are too attenuated to be relevant," and that because Murphy was not sentenced to death until 2003, no records prior to 2003 would be relevant. Collier further refused to provide any information, because "he has no knowledge of the persons who may have been present inside the execution chamber for executions in which he was not involved." Finally, Collier added that "TDCJ does not create or maintain records in the regular course and scope of business that lists the persons present during an execution."

In response to the same interrogatory, Davis made the same objection that the interrogatory was not "reasonably limited in time." She also claimed that "she has no knowledge of the persons who may have been present inside the execution chamber for executions in which she was not involved." Just as Collier did, Davis stated that "TDCJ does not create or maintain records in the regular course and scope of business that list the persons present during an execution." The claim

that the records do not exist is consistent with Davis's testimony during her June 20 deposition.

However, on June 24, during the deposition of Chaplain Timothy Jones, Jones testified that, at least with respect to the chaplains who work during executions, these records do exist. Specifically, Chaplain Jones testified that a document like the one disclosed by Defendants relating to Murphy's execution is maintained by TDCJ after *all* executions. This testimony is consistent with Warden Perez's affidavit in which he attested these records are kept in the regular course of business. These documents list the chaplains who work in the death house before an execution, one of whom, according to Chaplain Jones, also serves in the execution chamber.

In a good faith effort to resolve this issue, undersigned Counsel asked Counsel for Defendants to supplement the interrogatories. Counsel for Defendants responded:

> There is a different [sic] between a witness who has been designated as a 30(b)(6) deponent and an official sued in his official capacity. 30(b)(6) requires the deponent to seek out the knowledge of all in the agency as to a pre-defined subject or topic. Suing someone in their official capacity requires that person to be prepared to disclose and discuss information that they would have in the regular course and scope of their duties. The fact that the Defendants here are

the top officials in TDCJ does not convert them into 30(b)(6) witnesses. Neither Davis nor Collier are 30(b)(6) witnesses and, therefore, there is no duty for them to go gain the knowledge of everyone else in the agency.

Of course, though Counsel for Defendants in her response cited a rule relevant to the knowledge Defendants would have to possess during a *deposition*, Counsel's complaint is that the Defendants failed fully to answer *interrogatories*.

## Argument and Authorities

The execution witness list provided in initial disclosures is responsive to the information sought by Counsel in the interrogatories sent to Defendants Collier and Davis, but both claimed to have no knowledge of this information. Both claim that documents on which this information is recorded are not maintained by TDCJ. As we know from Chaplain Jones' testimony and Warden Perez's affidavit, this assertion is false.

Defendants Collier and Davis have been served in their official capacities. "When an official is sued in his or her official capacity, any non-privileged, relevant information within the control of the related public entity is also discoverable against that official." *Tyler v. Suffolk County,* 256 F.R.D. 34, 37 (D. Mass. 2009). That Defendants Collier and

Davis lack immediate personal knowledge of the existence of these documents, as they have claimed, is irrelevant and cannot excuse their failure to answer Plaintiff's interrogative responsively. If such information is possessed by members of TDCJ, then Collier or Davis must try to interview such witnesses and obtain the requested information and then provide it to Murphy. *See Murphy v. Piper*, Civ. No. 16-2623, 2018 WL 2538281, at *2 (D. Minn. June 4, 2018) ("An individual defendant named in her official capacity must answer interrogatories directed at the government entity 'using all reasonably obtainable information within [her] possession, custody or control, including maintained by [the relevant government entity].'")

    Counsel for Defendants is simply incorrect in claiming that even though Defendants Collier and Davis have been sued in their official capacities they are not required to answer interrogatories beyond the extent to which their personal experience permits because they were not designated as a Rule 30(b)(6) deponent. While not being designated as a Rule 30(b)(6) deponent may provide an excuse for Defendant Davis's inability to answer questions during her deposition, when responding to interrogatories, the Defendants must furnish all

discoverable information that is within their control. *See Martin v. Brown*, 151 F.R.D. 580, 593-94 (W.D. Pa. 1993) (party answering must promptly furnish responsive information available through reasonable efforts).

Defendants' objections that the information Murphy seeks is not "reasonably limited in time" and "too attenuated to be relevant" are unpersuasive. The names of the chaplains assigned to each execution, along with their dates of employment are critical to Murphy's claims in light of the fact that Defendant Davis claimed only employees demonstrated years of devoted service were allowed to be present in the execution chamber during an execution. ECF No. 8-4 at 2.

After engaging in good faith effort to resolve this problem without the intervention of this Court, the Parties have been unable to come to a resolution.

## Conclusion

For the above reasons, Murphy respectfully requests this Court order that Defendants Collier and Davis immediately supplement their answers to Interrogatory 8 with all relevant information that is reasonably discoverable by them, including the names of all chaplains

Case 4:19-cv-01106 Document 35 Filed on 07/10/19 in TXSD Page 9 of 10

who were assigned to work in the death house as reflected on the execution witness lists which Defendants have maintained. For the chaplains whose names appear on these lists and who are still employed by Defendants, Defendants should ask these chaplains whether they worked in the execution chamber during the relevant execution. Defendants should also provide the date each of these individuals first began working for TDCJ. Because this information is information Murphy needs to include in his Motion for Summary Judgment and because that motion is due to be filed no later than July 19, Plaintiff requests this Court order Defendants to supplement their answers by July 15.

Respectfully submitted,

| /s/ David R. Dow | /s/ Jeffrey R. Newberry |
|---|---|
| David R. Dow | Jeffrey R. Newberry |
| Texas Bar No. 06064900 | Texas Bar No. 24060966 |
| University of Houston Law Center | University of Houston Law Center |
| 4604 Calhoun Rd. | 4604 Calhoun Rd. |
| Houston, Texas 77204-6060 | Houston, Texas 77204-6060 |
| Tel. (713) 743-2171 | Tel. (713) 743-6843 |
| Fax (713) 743-2131 | Fax (713) 743-2131 |

*Counsel for Patrick Henry Murphy*

## Certificate of Service

I certify that on July 10, 2019 a notice of electronic filing was delivered to Counsel for Defendants by the Court's Case Management/Electronic Case Filing system.

    Amy L. Hunsucker Prasad
    amy.prasad@oag.texas.gov
    Leah Jean O'Leary
    leah.oleary@oag.texas.gov
    Office of the Attorney General
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548

    s/ Jeffrey R. Newberry
    _____
    Jeffrey R. Newberry