IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| **PATRICK HENRY MURPHY, JR.,** § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> **BRYAN COLLIER,** Executive Director, § <br> Texas Department of Criminal Justice, § <br> Huntsville, Texas § <br> § <br> **LORIE DAVIS,** Director, Texas Department § <br> of Criminal Justice, Correctional Institutions § <br> Division, Huntsville, Texas § <br> § <br> **BILLY LEWIS,** Warden, Texas Department § <br> of Criminal Justice, Huntsville Unit, § <br> Huntsville, Texas § <br> § <br> *Defendants*. § | § Civil No.4:19-cv-01106 <br> § ***CAPITAL CASE*** |

### Plaintiff's Reply to Defendant's Response to his
### Motion to Compel Discovery

TO THE HONORABLE UNITED STATES DISTRICT JUDGE SIM LAKE:

Plaintiff Patrick Henry Murphy filed his Motion to Compel Discovery, ECF No. 35, on July 10. Defendants filed their Response in opposition to Murphy's Motion, ECF No. 36, on July 11. Plaintiff now files this Reply in which he addresses two assertions made by

Defendants, both of which are false. Specifically, Defendants have not provided all the relevant information for the last twelve years as they have claimed, and Defendants, not Murphy, are responsible for their failing to comply with his request before discovery closed on June 28.

Defendants did give Murphy some information relevant to his present Motion in their initial disclosures. Exhibit 1.[1] Specifically, in the disclosures, Defendants informed Counsel that: Chaplain Collier participated during an execution in the execution chamber on March 29, 2007; Chaplain Moss participated during an execution in the execution chamber on September 27, 2018; Chaplain Brouwer participated during an execution in the execution chamber on February 28, 2019; and Chaplain Jones participated during an execution in the execution chamber on November 12, 2013. Exhibit 1 at 4-5. Defendants also provided the dates on which these chaplains began their employment with TDCJ. *Id.* This information contained in Defendants' initial disclosures, which were made on May 28, constitutes Defendants' first

---

[1] Counsel now believes his previous understanding of Rule 5(d)(1) was incorrect. Specifically, Counsel now believes using discovery documents in Murphy's Motion to Compel Discovery and related documents constitutes a use in the "proceeding" as that term is used in Rule 5(d)(1). Counsel has accordingly included relevant documents as exhibits to this Reply.

effort to supply to Plaintiff the information relevant to his present Motion.

Plaintiff had made his desire for this information known to Defendants first in the Rule 26(f) conference, then in the April 18, 2019 pretrial hearing, and finally in the interrogatories he served on Defendants on May 23, 2019.

Defendants gave to Plaintiff their First Supplemental Disclosures on June 14, 2019. Exhibit 2. These Disclosures contained information relevant to this Motion. Specifically, these first supplemental disclosures contained documents from Chaplain David Collier about the executions he participated in. Exhibit 2. These documents reveal that Chaplain Collier worked in the execution chamber during seventy-one executions. Exhibit 2 at Murphy 1351.

Five days later, on June 19, 2019, Defendants emailed undersigned Counsel more documents relevant to this Motion. Specifically, Defendants emailed to Counsel a document related to the executions during which Chaplain Timothy Jones worked in the execution chamber. Exhibit 3. According to this document, Chaplain Jones worked in the execution chamber a total of nineteen times

between November 12, 2013 and December 11, 2018. Exhibit 3.[2] In the same email, Counsel for Defendants first gave undersigned Counsel reason to believe Defendants might not intend to disclose all of the information relevant to this Motion. Specifically, in the June 19th email, Counsel for Defendants wrote that no additional documents would be produced at the deposition of Defendant Davis, which occurred the following day, June 20. Of course, Defendants could answer the interrogatories without supplying additional documents. At this point, however, Defendants had not answered the interrogatories, which they had been served on May 23. Accordingly, on June 19, undersigned Counsel did not have reason to believe Murphy's present Motion to Compel would be necessary.

During her deposition, on June 20, Defendant Davis claimed to have no knowledge of the chaplains who had been present in the

---

[2] Counsel is unable to attach a copy of the transcript from Chaplain Jones' deposition to this Reply because Chaplain Jones has not yet had an opportunity to review the transcript. During his deposition, Chaplain Jones explained the designation "DC" on the record indicates he worked in the execution chamber, also known as the death chamber, during that execution.

execution chamber.[3] She also claimed to have no knowledge of the interrogatories Counsel delivered to her attorney on May 23. Because she was sued in her official capacity, Defendant Davis had a duty to learn information that she might not have known during her June 20 deposition before answering the interrogatories. Immediately before Defendant Davis' deposition began, Counsel for Defendants gave to Counsel a list of objections to the requests for production Counsel had included on the notice of the deposition. Almost all of these requests asked for the same information sought by the interrogatories.[4] Relevant to the request which pertains to the present Motion, Defendant Davis objected that any information from before Murphy was sentenced to death in 2003 was too attenuated to be relevant. Exhibit 4.

Finally, on June 24, Counsel for Defendants provided Defendants' answers to the interrogatories which Counsel had sent Defendants on

---

[3] Counsel has not attached a copy of the transcript of Defendant Davis' deposition to this Reply because she has not yet indicated whether she believes any corrections are necessary.

[4] The only additional information Counsel asked for in the requests for production that were included in the notice were disciplinary records for Plaintiff. All the other information sought by the requests for production was information Counsel had asked Defendants to provide in the interrogatories Counsel had served on Defendants on May 23.

May 23. Exhibit 5; Exhibit 6. It was only then that Counsel could have known the present Motion to Compel Discovery would be necessary. As the Court is aware, discovery closed on June 28. This issue could not have been resolved before discovery because of Defendants' delay in letting Counsel know they have no intention of providing the requested information.

Furthermore, Defendants' assertion that they have provided all the relevant information for the time period from 2007 to present is demonstrably false. Over 180 Texas inmates have been executed at the Walls Unit since January 1, 2007. *See* TDCJ, Death Row Information, Executed Offenders,

https://www.tdcj.texas.gov/death_row/dr_executed_offenders.html. Of these, Defendants have informed Counsel that Chaplain Collier worked in the execution chamber during seventy-one executions and Chaplain Jones worked in the execution chamber during nineteen executions. During his deposition, Chaplain Brouwer revealed he worked in the execution chamber approximately five times.[5] During his deposition,

---

[5] Counsel has not included a copy of the transcript of Chaplain Brouwer's deposition because Brouwer has not yet had an opportunity to review the transcript.

Chaplain Moss revealed he worked in the execution chamber during three executions.[6] These four chaplains worked in the execution chamber during ninety-eight of the 180 executions that have occurred since 2007. Despite their assertion to the contrary, Defendants have not provided information about the chaplain who worked in the execution chamber during almost half of the executions that have occurred since 2007.

    Plaintiff Patrick Henry Murphy respectfully requests this Court find that Defendants, and not Plaintiff, are responsible for their failure to provide this information before discovery closed on June 28 and order Defendants to supplement their answer to Interrogatory 8.

---

[6] Counsel has not included a copy of the transcript of Chaplain Moss's deposition because Moss has not yet had an opportunity to review the transcript.

Respectfully submitted,

/s/ David R. Dow                                   /s/ Jeffrey R. Newberry
_____                    _____
David R. Dow                                         Jeffrey R. Newberry
Texas Bar No. 06064900                     Texas Bar No. 24060966
University of Houston Law Center     University of Houston Law Center
4604 Calhoun Rd.                                 4604 Calhoun Rd.
Houston, Texas 77204-6060                Houston, Texas 77204-6060
Tel. (713) 743-2171                              Tel. (713) 743-6843
Fax (713) 743-2131                              Fax (713) 743-2131

*Counsel for Patrick Henry Murphy*

## Certificate of Service

I certify that on July 12, 2019 a notice of electronic filing was delivered to Counsel for Defendants by the Court's Case Management/Electronic Case Filing system.

>Amy L. Hunsucker Prasad
>amy.prasad@oag.texas.gov
>Leah Jean O'Leary
>leah.oleary@oag.texas.gov
>Office of the Attorney General
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711-2548

>s/ Jeffrey R. Newberry
>_____
>Jeffrey R. Newberry