IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY MURPHY, JR.,** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | |
| § | | |
| **BRYAN COLLIER,** Executive Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Huntsville, Texas § | | |
| § | Civil No. 4:19-cv-01106 | |
| **LORIE DAVIS,** Director, Texas Department § | ***CAPITAL CASE*** | |
| of Criminal Justice, Correctional Institutions § | | |
| Division, Huntsville, Texas § | | |
| § | | |
| **BILLY LEWIS,** Warden, Texas Department § | | |
| of Criminal Justice, Huntsville Unit, § | | |
| Huntsville, Texas § | | |
| § | | |
| *Defendants.* § | | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun Rd.
Houston, TX  77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, TX  77204-6060
Tel. (713) 743-6843
Fax (713) 743-2131
Email jrnewber@central.uh.edu

*Counsel for Patrick Henry Murphy, Plaintiff*

i

## Table of Contents

Table of Authorities ................................................................................................iii

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT....................................................................1

I.   This Court should find Plaintiff's claims are exhausted. ..................................3

II.  In the alternative, this Court should find the ordinary process by
     which claims raised in a section 1983 action are exhausted is
     ineffective to protect a prisoner's rights related to the method of his
     execution……........................................................................................................4

III. In the alternative, if the Court finds Plaintiff has not exhausted his
     claims and does not find the grievance process is ineffective to protect
     Plaintiff's rights, Plaintiff respectfully requests he Court enter an
     order that: 1) stays and abates these proceedings while Murphy
     exhausts his claims; and 2) orders Defendants not to execute him until
     his claims are exhausted and this proceeding has concluded. ..........................5

Certificate of Service .................................................................................................8

# Table of Authorities

**Cases**

*Clifford v. Gibbs,*
   298 F.3d 328 (5th Cir. 2002) .................................................................................. 5

*Fegans v. Johnson,*
   No. H-09-4019, 2010 WL 1425766 (S.D. Tex. 2010) ....................................... 3, 5

*Fluker v. County,*
   741 F.3d 787 (7th Cir. 2013) .................................................................................. 5

*Jones v. Brock,*
   549 U.S. 199 (2007) ................................................................................................ 3

*Murphy v. Collier,*
   139 S. Ct. 1475 (2019) ............................................................................................ 3

*Thorson v. Epps,*
   701 F.3d 444 (5th Cir. 2012) .................................................................................. 5

*Woodford v. Ngo,*
   548 U.S. 81 (2006) .................................................................................................. 5

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY MURPHY, JR.,** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | |
| § | | |
| **BRYAN COLLIER,** Executive Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Huntsville, Texas § | | |
| § | Civil No.4:19-cv-01106 | |
| **LORIE DAVIS,** Director, Texas Department § | ***CAPITAL CASE*** | |
| of Criminal Justice, Correctional Institutions § | | |
| Division, Huntsville, Texas § | | |
| § | | |
| **BILLY LEWIS,** Warden, Texas Department § | | |
| of Criminal Justice, Huntsville Unit, § | | |
| Huntsville, Texas § | | |
| § | | |
| *Defendants.* § | | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Both parties filed motions for summary judgment on July 19, 2019. ECF Nos. 38-39. Defendants filed a Response to Plaintiff's Motion for Summary Judgment on August 9, 2019, which is largely duplicative of Defendants' Motion for Summary Judgment. ECF 40. Because Plaintiff believes his Motion for Summary Judgment, ECF No. 38, fully responds to Defendants' Motion, Plaintiff has not filed and does not intend to file a Response to Defendants' Motion for Summary Judgment. Plaintiff now files this Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment to address a single issue: exhaustion. Believing this Court's

1

statement that it did not intend to entertain a threshold exhaustion argument meant it was not appropriate to address exhaustion in his Motion for Summary Judgment, Plaintiff responded to the exhaustion argument he anticipated Defendants would make in a single footnote of his Motion. ECF No. 38 at 8-9 n.4. Plaintiff now, in reply to Defendants' misleading argument, amplifies that response.

First, Plaintiff did not argue this Court should ignore the issue of exhaustion, as Defendants have suggested. *See* ECF No. 40 at 3. Rather, Plaintiff explained that, based on the Court's statements, he believed the Court did not intend to address the issue in response to the parties' dispositive motions. In any event, and as previously explained, Plaintiff believes the Court should find his claims have been exhausted. In the alternative, and as also previously explained, the Court should find the ordinary process by which prison condition claims raised in a section 1983 action are exhausted is ineffective to protect a prisoner's rights when those claims relate to the method by which he is to be executed and when the Director can change the execution protocol whenever she so desires, as she testified she could during these proceedings. In the event the Court finds Plaintiff has not exhausted his claims and does not find the grievance process is ineffective to protect Plaintiff's rights, Plaintiff respectfully requests that, instead of dismissing Murphy's suit, the Court enter an order that: 1) stays and abates these proceedings while Murphy exhausts his claims; and 2) orders Defendants not to execute him until his claims are exhausted and this proceeding has concluded.

## I. This Court should find Plaintiff's claims are exhausted.

The exhaustion requirement exists to ensure the Defendants receive notice of the Plaintiff's claim before the Plaintiff files his complaint so that prison officials have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Brock*, 549 U.S. 199, 204 (2007). Plaintiff gave Defendants this opportunity by making them aware of his claims in an email to TDCJ's General Counsel sent on February 28, 2019 and then giving them ample opportunity to respond before filing his Complaint almost a month later.[1] Indeed, and critically, in his concurring opinion in this matter when the issue was before the Supreme Court, Justice Kavanaugh expressly noted Murphy gave Defendants adequate and timely notice of his claims. *Murphy v. Collier*, 139 S. Ct. 1475, 1476 n.* (2019) (Kavanaugh, J., concurring).

Although the interpretation or application of TDCJ policies, rules, regulations, and procedures is something that can be addressed through the Offender Grievance Procedure (ECF No. 8-2 at 87), Murphy could not know whether TDCJ would interpret its policies in a way that would not permit Rev. Shih to be

---

[1] Murphy did not send his request to persons outside of the prison system who had no power to initiate the administrative review process as the Plaintiff in *Fegans v. Johnson* appears to have done. *See Fegans v. Johnson*, No. H-09-4019, 2010 WL 1425766, at *13 (S.D. Tex. 2010). Indeed, officials at the Polunsky Unit do not possess the authority to alter execution procedures. Defendant Davis alone possesses that authority. Murphy addressed his correspondence to the attorney who represents the only official within TDCJ from whom the remedy he sought was available.

3

present with him in the execution chamber until Defendants responded to Counsel's email – which TDCJ never did.[2] Moreover, Defendants' own grievance policy required Murphy to attempt to resolve the issue informally before filing a grievance – which Murphy attempted to do. ECF No. 8-2 at 86 ("An attempt to informally resolve your problem shall be made before filing a grievance."). The March 7 email from Murphy's counsel to Defendants' counsel, inquiring as to whether any Buddhist reverend could accompany Murphy in the execution chamber, *see* ECF No. 1-3, was a part of Murphy's attempt to informally resolve the issue. It would be perverse to fault Murphy for not engaging in the next step, i.e. filing a Step 1 Grievance to complain about the resolution of the informal procedure, when the informal process was incomplete, solely because Defendants had yet to answer him.

II. **In the alternative, this Court should find the ordinary process by which claims raised in a section 1983 action are exhausted is ineffective to protect a prisoner's rights related to the method of his execution.**

During her deposition, Defendant Davis testified that there is no rule that would prevent her from amending TDCJ's execution protocol as soon as two days before a scheduled execution. ECF No. 38-7 at 66. Completing both steps of TDCJ's two-step process could take eighty days or longer. ECF No. 8-2 at 87 (indicating

---

[2] During her deposition, Defendant Davis suggested a chaplain working for TDCJ on a contract basis might be permitted to have the same or similar access to inmates on the day of their execution as a TDCJ employee. *See* ECF 38-7 at 60. While Rev. Shih is not a TDCJ employee, Murphy had no reason to know TDCJ would not employ him, or some other Buddhist reverend, on a contractual basis to accompany him during his execution.

4

each of the two steps of the grievance process may take up to 40 days). Strict adherence to the two-step grievance process in cases where an execution is imminent would leave an inmate without the ability to have his constitutional claims heard by a federal court when those claims arise from an amendment to the State's execution procedure made within eighty days of his scheduled execution.

**III. In the alternative, if the Court finds Plaintiff has not exhausted his claims and does not find the grievance process is ineffective to protect Plaintiff's rights, Plaintiff respectfully requests the Court enter an order that: 1) stays and abates these proceedings while Murphy exhausts his claims; and 2) orders Defendants not to execute him until his claims are exhausted and this proceeding has concluded.**

If the Court finds Defendants have demonstrated Plaintiff has not exhausted his claims,[3] does not find the grievance process is ineffective to protect Plaintiff's rights, and determines Murphy's suit should be dismissed, the remedy would be for the Court to dismiss the suit without prejudice. *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002). Even in this scenario, there is nothing that would prevent this Court from reaching a decision on the merits of Murphy's claims. *Thorson v. Epps*, 701 F.3d 444, 446 (5th Cir. 2012); *see also Fluker v. County*, 741 F.3d 787, 793-94 (7th Cir. 2013). However, one of the two main purposes of the requirement that administrative remedies be exhausted is to promote efficiency. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). In this case, where the parties have fully briefed their arguments

---

[3] As the Court is aware, exhaustion is an affirmative defense. *Fegans*, 2010 WL 1425766, at *6.

after engaging in fairly extensive discovery, it would be quite inefficient to dismiss Murphy's suit at this time. After completing the two-step grievance process (the result of which is not in question), Murphy would be entitled to file a second complaint and much of the work completed by the Court and the parties would have to be repeated. A far more efficient solution would be for the Court to enter an order staying and abating this proceeding until Murphy has completed both steps of the grievance process. In the event the Court finds that Defendants have demonstrated Murphy did not exhaust his claims and is not persuaded the grievance process is ineffective to protect Murphy's rights, Plaintiff respectfully requests the Court enter an order staying and abating this proceeding. In the event the Court enters such an order, Plaintiff requests the Court order Defendants not to execute Murphy until this proceeding has concluded.[4]

---

[4] While this provision might appear unnecessary, that is not the case. Astonishingly, even though these proceedings are ongoing and even though the Supreme Court's March 28 order granting Murphy a stay of execution is still in place, the State has filed a motion in the trial court asking that court to schedule Murphy to be executed on November 13, 2019.

6

Respectfully submitted,

/s/ David R. Dow

_____

David R. Dow
Texas Bar No. 06064900
Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131

*Counsel for Patrick Henry Murphy*

7

**Certificate of Service**

      I certify that on August 12, 2019 a notice of electronic filing was delivered to Counsel for Defendants by the Court's Case Management/Electronic Case Filing system.

    Amy L. Hunsucker Prasad
    amy.prasad@oag.texas.gov
    Leah Jean O'Leary
    leah.oleary@oag.texas.gov
    Office of the Attorney General
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548

                                                s/ Jeffrey R. Newberry
                                               _____
                                               Jeffrey R. Newberry