# IN THE 283rd JUDICIAL DISTRICT COURT OF DALLAS COUNTY, TEXAS

| | | |
|---|---|---|
| The State of Texas | § § § | |
| v. | § § | Cause No. F01-00328-T |
| Patrick Henry Murphy, Jr. | § § § | |

**Response in Opposition to State's Motion to Set Execution Date**

Earlier today, July 30, 2019, the District Attorney's Office filed a motion that asks this Court to schedule Patrick Henry Murphy, Jr. to be executed on November 13, 2019. Counsel now files this Response in Opposition to the State's Motion.  The District Attorney's motion evinces disrespect for the Supreme Court of the United States, for the federal district court for the Southern District of Texas, and, therefore, for this Court as well.  In effect, the motion asks this Court to interfere with the orderly procession of ongoing federal litigation in this case.

On March 28, 2019, on the very day Mr. Murphy was scheduled to be executed, the Supreme Court granted Murphy's Motion for Stay of Execution Pending Filing, Consideration, and Disposition of Petition for Writ of Certiorari. *Murphy v. Collier*, 139 S. Ct. 1475, 1475 (2019). The

stay motion resulted from the federal district court's decision two days earlier that Murphy was not entitled to a stay of execution to pursue his claims that the manner in which Texas sought to executed him would violate his rights under the First Amendment's Establishment and Free Exercise Clauses and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). In other words and in short: By staying Murphy's execution, the Supreme Court indicated its interest in receiving a petition for writ of certiorari addressing the important First Amendment and statutory issues raised by this case.

Murphy timely filed his Petition for a Writ of Certiorari on June 25, 2019.[1] Thereafter, the Attorney General filed a motion asking the Court to extend his time to file a response to Murphy's Petition to August 28.[2] Assuming the AG's brief is filed on August 28, 2019, the pleadings would be distributed to the Court on September 12 to be conferenced on October 1, 2019. *See* SupremeCourt.gov, *Case*

---

[1] Murphy's Petition has been docketed as cause number 18-9832.

[2] The Supreme Court has not yet acted on the AG's request for an extension. *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/18-9832.html.

*Distribution Schedule (Summer) – October Term 2019*,

https://www.supremecourt.gov/casedistribution/casedistributionschedule2019Summer.pdf.[3] If the Court decides during that conference to deny Murphy's petition, it should announce that decision on October 7, 2019. This is the soonest Murphy's Petition for a Writ of Certiorari will be disposed of, and by its terms, the Supreme Court's stay will not be lifted before this date. This Court should not enter an execution date while the Supreme Court's stay is still in place.

Moreover, it is reasonably probable the Supreme Court will grant Murphy's Petition for Writ of Certiorari. The Court's staying Murphy's March 28 execution indicated at least five members of the Court believed there to be a reasonable probability that four members of the Court would consider the underlying issues sufficiently meritorious for the grant of certiorari. *See Barefoot v. Estelle*, 463 U.S. 880, 895 (1983). If the Court grants Murphy's petition on October 7, his merits brief would not be due until November 21, 2019. *See* Sup. Ct. R. 25(1). The State's brief would be due on December 23. *See* Sup. Ct. R. 25(2).

---

[3] Given the Court is not scheduled to conference at any point between today and October 1, this is the soonest Murphy's petition would be considered by the Court, regardless of when the AG files his Brief in Opposition.

Murphy's reply would be due January 22, 2020. *See* Sup. Ct. R. 25(3). The Court would predictably not resolve the merits of the case until months later. During this entire period, the stay order entered in March 2019 would preclude the State of Texas from lawfully carrying out Murphy's execution.

In addition to the pending petition for writ of certiorari, and regardless of the ultimate disposition of that petition, immediately following the Supreme Court's action in this case in issuing a stay, the federal district court correctly apprehended that its prior decision deeming Murphy's request for a stay to be untimely was erroneous, and the district court therefore promptly initiated proceedings in connection with Murphy's underlying suit. Those proceedings are currently ongoing in the federal district court pursuant to Murphy's complaint invoking 42 U.S.C. § 1983.[4] If the federal district court denies Murphy relief, he will be entitled to appeal first to the United States Court of Appeals for the Fifth Circuit and then, if necessary, to the Supreme Court through another Petition for Writ of Certiorari. If Murphy

---

[4] Murphy v. Collier, No. 4:19-cv-01106 (S.D. Tex.).

prevails, the Attorney General will have the same opportunities. It would be nothing more than guesswork to anticipate when each of these steps might occur, but it is certainly reasonable to assume that, in the ordinary course of litigation, there is no significant likelihood the litigation would terminate, in favor or one side or the other, by November 13th. The District Attorney's motion, therefore, is a naked request that this Court interfere with the orderly administration of justice in Mr. Murphy's currently ongoing § 1983 action.

If the Supreme Court denies Murphy's pending petition and if Murphy is also denied relief by the federal courts on the claims that are currently pending in the federal district court, there would be no impediment to this Court's scheduling Murphy to be executed. Accordingly, Counsel respectfully request the Court deny the State's motion or, in the alternative, not rule on the State's motion until Murphy's proceedings have concluded.

DATED: July 30, 2019

        Respectfully submitted,

        /s/ David R. Dow

        _____

        David R. Dow
        Texas Bar No. 06064900
        University of Houston Law Center
        4604 Calhoun Rd.
        Houston, Texas 77204-6060
        713-743-2171
        ddow@central.uh.edu

        /s/ Jeffrey R. Newberry

        _____

        Jeffrey R. Newberry
        Texas Bar No. 24060966
        University of Houston Law Center
        4604 Calhoun Rd.
        Houston, Texas 77204-6060
        713-743-6843
        jrnewber@central.uh.edu

**Certificate of Service**

I hereby certify that on the 30th day of July, 2019, I served a true and correct copy of this Motion upon Counsel for the State.

/s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry