IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK HENRY MURPHY, JR., <br>     *Plaintiff,* <br><br> v. <br><br> BRYAN COLLIER, Executive Director of the Texas Department of Criminal Justice, LORIE DAVIS, Director of the Texas Department of Criminal Justice–Correctional Institutions Division, and BILLY LEWIS, Warden of the Huntsville Unit, <br>     *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:19-cv-1106 |

**DEFENDANTS COLLIER, DAVIS, AND LEWIS'S BRIEF REGARDING JURISDICTION IN RESPONSE TO ECF NO. 45**

The Court has requested briefing regarding jurisdictional issues that may prevent or limit this Court from adjudicating the claims at issue in the instant lawsuit. ECF No. 45. The Court's order sufficiently describes the procedural posture of the instant lawsuit, along with Murphy's proceedings in the Supreme Court, and the State's setting of a new execution date.

In addition to the various matters described in the Court's order for briefing, Murphy has filed a subsequent application for a post-conviction writ of habeas corpus in the state district court and in the Texas Court of Criminal Appeals. In his latest habeas application and motion for stay filed in the state court, Murphy asserts that he should be granted a stay of execution to allow him to litigate his § 1983 claims to resolution.

**I.  Neither Murphy's Petition for Certiorari in the U.S. Supreme Court nor His State Habeas Action Affect This Court's Jurisdiction.**

Briefing is now complete on Murphy's petition for writ of certiorari. The case has been set for conference before the Supreme Court on November 1, 2019, which should result in a decision from the Court on or before November 4, 2019. The Supreme Court's decision cannot reach the merits of

Murphy's § 1983 claims.

The Supreme Court's jurisdiction is limited to review of a lower court's judgment. 28 U.S.C. § 1254(1). There is no judgment from a district or appellate court relating to the merits of Murphy's religious claims. There is no appellate record containing any evidence that an appellate court could consider to reach the merits of Murphy's claims. The sole issue within the Supreme Court's jurisdiction is the propriety of Murphy's request for a stay of execution. If Murphy is successful, the Supreme Court will vacate the lower courts' decision that denied his stay. If Murphy is unsuccessful, the Supreme Court will simply deny his petition. The Supreme Court's consideration of the propriety of the stay is not dependent on a determination of the merits of Murphy's § 1983 claims. Although Murphy has briefed the merits of his § 1983 claims in his Supreme Court briefing, the Supreme Court lacks jurisdiction to consider them. Murphy's Supreme Court briefing is silent as to argument or authority to bring the merits of his § 1983 claims within the Supreme Court's jurisdiction.

**II.     This Court has Exclusive Jurisdiction Over Murphy's § 1983 and RLUIPA Claims.**

The basis for Murphy's request for a stay of execution was and continues to be his unresolved § 1983 lawsuit. The only court with jurisdiction to rule on the merits of Murphy's § 1983 claims is this Court. All other courts in which Murphy has filed applications and petitions can only reach so far as granting or denying him a stay of execution to await this Court's decision. It would be disingenuous for Murphy to now urge this Court to delay adjudicating the instant lawsuit after moving for a stay of execution to give him time to resolve his lawsuit.

Delaying this lawsuit would place the State and the parties in an endless loop—Murphy's execution has been delayed to await a decision in his federal lawsuit, and the federal lawsuit would be delayed to await a decision in Murphy's motions to stay his execution.

A decision in the Supreme Court, whether in Murphy's favor or not, will have no precedence on this Court's decisions. Nor could a decision in the state court habeas matter affect this Court's

jurisdiction or jurisprudence. The only outcome that could affect this Court's jurisdiction is if Mr. Murphy's execution is carried out and the § 1983 claims in this lawsuit become moot. In light of Murphy's repeated requests for time to adjudicate his § 1983 lawsuit, this Court should move forward with its consideration of the pending dispositive motions. Although not binding, it is telling that Judge Lake set this case on an expedited schedule despite Murphy's ongoing petition for writ of certiorari.

        Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Chief, Law Enforcement Defense Division

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24079074
Southern District No. 1563191
Leah.Oleary@oag.texas.gov

**AMY L. PRASAD**
Assistant Attorney General
Co-Counsel
Texas Bar No. 24037295
Southern District No. 563045
Amy.Prasad@oag.texas.gov

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9918

**ATTORNEYS FOR DEFENDANTS COLLIER, DAVIS, AND LEWIS**

## NOTICE OF ELECTRONIC FILING

I, **LEAH O'LEARY**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the foregoing in accordance with the Electronic Case Files system of the Southern District of Texas, on October 18, 2019.

>  */s/ Leah O'Leary*
> **LEAH O'LEARY**
> Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **LEAH O'LEARY**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been served on all attorneys of record by electronic notification through the ECF system for the Southern District of Texas on October 18, 2019, to:

> David R. Dow
> ddow@central.uh.edu
> Jeffrey R. Newberry
> jrnewber@central.uh.edu
> Attorneys for Plaintiff Murphy

> */s/ Leah O'Leary*
> **LEAH O'LEARY**
> Assistant Attorney General