IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| **PATRICK HENRY MURPHY, JR.,** *Plaintiff,* | § § § |
| v. | § § |
| **BRYAN COLLIER,** Executive Director, Texas Department of Criminal Justice, Huntsville, Texas | § § § § |
| **LORIE DAVIS,** Director, Texas Department of Criminal Justice, Correctional Institutions Division, Huntsville, Texas | § Civil No.4:19-cv-01106 § ***CAPITAL CASE*** § § § |
| **BILLY LEWIS,** Warden, Texas Department of Criminal Justice, Huntsville Unit, Huntsville, Texas | § § § § § |
| *Defendants.* | § |

## Briefing Related to Jurisdiction
## Pursuant to the Court's October 7, 2019 Order

On October 7, 2019, the Court ordered the parties to brief what effect the pendency of Murphy's petition for writ of certiorari has on the matters before this Court. ECF No. 45. Counsel now files this briefing

1

pursuant to the Court's Order.

After initially seeking relief administratively from the Texas Department of Criminal Justice, and thereafter from the Texas Court of Criminal Appeals, Counsel filed Murphy's original federal Complaint and a motion for stay of execution in the U.S. District Court on March 26, 2019. ECF Nos. 1, 3. Judge Lake entered an order that same day denying Murphy's motion for stay of execution. ECF No. 9 at 11. Judge Lake's order was based solely on his finding that Murphy should have filed his Complaint earlier. *Id.* As Judge Lake's order makes clear, his decision addressed only the motion for stay; he did not address the substance of Murphy's Complaint. *Id.* Accordingly, in Murphy's notice of appeal, Counsel notified the United States Court of Appeals for the Fifth Circuit that Murphy's appeal would be about this Court's decision that he was not entitled to a stay of execution based on the question of timing. ECF No. 11. Because Judge Lake did not decide the merits of the claims raised in Murphy's Complaint, there was no final judgment

respecting those merits, and the court of appeals would therefore not have had jurisdiction to address the merits of Murphy's claims.[1]

And indeed, the Fifth Circuit did not purport to address the merits. Murphy's brief filed in the court of appeals argued only that he was entitled to have his execution stayed, and that brief explained Judge Lake had been mistaken as to the timing question. To be sure, because one of the requirements for granting a stay of execution pursuant to the filing of a section 1983 complaint is demonstrating there is a substantial likelihood the Plaintiff will prevail on the merits, *Sells v. Livingston*, 750 F.3d 478, 480-81 (5th Cir. 2014), Counsel asked the court of appeals to find there was a substantial likelihood Murphy

---

[1] Murphy's motion for a stay of execution was "the functional equivalent of a motion to temporarily restrain or preliminary enjoin his execution." *Gardner v. Garner*, 383 F. App'x 722, 724 (10th Cir. 2010). As such, the court of appeals had jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) over the district court's order even though that order was not a final order on Murphy's Complaint. *Janvey v. Alguire*, 647 F.3d 585, 591 (5th Cir. 2011); *see also Sells v. Livingston*, 750 F.3d 478, 480 (5th Cir. 2014); Respondents' Brief in Opposition at 20, *Murphy v. Collier*, No. 18-9832 (U.S. Sept. 27, 2019), available at https://www.supremecourt.gov/DocketPDF/18/18-9832/117370/20190927175007958_Murphy%20second%20respt%20br%20oppn%20FINAL.pdf [hereinafter BIO] ("the Fifth Circuit's jurisdiction emanated from its ability to review interlocutory decisions, § 1292(a)(1)").

would ultimately prevail. But such a finding, of course, would not have resolved the merits. Rather, given the Fifth Circuit's precedent, the Panel would have been unable to issue a stay of execution without making this finding concerning probability of ultimate success on the merits. *See id.* The court of appeals affirmed Judge Lake's decision and issued its mandate on March 27.[2] ECF No. 15. As was true of this Court's order, the Fifth Circuit's order did not address the merits of the claims raised in Murphy's Complaint.[3]

The day following the Fifth Circuit's decision, on March 28, 2019, Counsel filed a motion in the Supreme Court asking that Court to stay Murphy's execution pending the filing, consideration, and disposition of

---

[2] Because this Court has not issued a final order on Murphy's Complaint, it has never lost jurisdiction over the Complaint. Even if that were not the case, jurisdiction would have returned to this Court once mandate issued, and the subsequent filing of a petition for writ of certiorari would not have divested the Court of jurisdiction. *United States v. Sears*, 411 F.3d 1240, 1242 (11th Cir. 2005); *Price v. Dunn*, No. 1:19-00057-KD-MU, 2019 WL 1578277, at *2 (S.D. Ala. Apr. 11, 2019).

[3] As indicated in their Brief in Opposition filed in the Supreme Court, the Defendants agree. BIO at 20 ("the Fifth Circuit did not have before it, and did not pass upon, the merits of Murphy's claims—it was solely reviewing the propriety of the district court's stay denial").

4

a petition for a writ of certiorari. That same evening, the Supreme Court issued an order preventing the State from "carry[ing] out Murphy's execution pending the timely filing and disposition of a petition for a writ of certiorari."[4] *Murphy v. Collier*, 139 S. Ct. 1475 (2019). Implicit in the Court's order was a determination Murphy had in fact acted in a timely manner; and indeed, Justice Kavanaugh's concurring opinion expressly concluded Murphy's action had been timely for purposes of entitling him to the equitable relief of a stay of execution.

    Four days later, recognizing he had been effectively reversed as to his decision concerning timing but that he retained jurisdiction over the underlying Complaint, the merits of which had yet to be addressed, Judge Lake resumed proceedings on Murphy's Complaint on April 1,

---

[4] The Court would have allowed Murphy's execution to proceed on March 28 had "the State permit[ted] Murphy's Buddhist spiritual advisor or another Buddhist reverend of the State's choosing to accompany Murphy in the execution chamber during the execution." *Murphy v. Collier*, 139 S. Ct. 1475 (2019). Given that choice, the State opted not to executed Murphy on March 28, 2019.

2019 by ordering the parties to confer as required by Rule 26(f), file a joint discovery/case management plan, and appear before the Court for a scheduling conference on April 18. ECF No. 16. In the case management plan, Counsel listed the proceeding in the Supreme Court as then pending. ECF No. 19. In the pretrial conference, Counsel informed the Court Murphy's petition for writ of certiorari was due on June 25. ECF No. 33 at 9.

Counsel timely filed the petition anticipated by the Supreme Court's March 28 order on June 25. Its filing did not divest the Court of jurisdiction over Murphy's Complaint. *See supra* n.2. The opinion which it asks the Court to review is not one that addressed Murphy's Complaint; the opinion it asks the Court to review addresses only Murphy's request for a stay of execution. The Petition presents three questions to the Court. The first relates exclusively to the timing of Murphy's request – i.e. the issue on which Murphy had been denied a stay of execution by this Court and the court of appeals. With respect to

this question, the Petition asks the Court to "grant certiorari, summarily reverse the judgment of the court of appeals, and hold Murphy's application for a stay of execution was timely made." The remaining two questions presented by Murphy's Petition do pertain to the merits of the claims raised in his Complaint, but the Petition acknowledges the record was not developed at the time Murphy filed his Petition and with respect to these questions asks the Court to "hold this Petition pending the completion of the ongoing section 1983 litigation in the district court addressing the constitutional and statutory issues raised by the TDCJ's current policy."

After asking for and receiving two extensions, Defendants filed their Brief in Opposition on September 27. In their Brief in Opposition, Defendants have argued the Supreme Court is without jurisdiction to grant certiorari on the second and third questions presented in Murphy's Petition because Murphy's claims "are presently before the district court." BIO at 21.

In short, this Court had jurisdiction over Murphy's Complaint when it was filed and nothing that has subsequently happened, including Murphy's filing a petition for writ of certiorari, has done anything to divest the Court of jurisdiction.

Respectfully submitted,

| /s/ David R. Dow | /s/ Jeffrey R. Newberry |
|---|---|
| David R. Dow | Jeffrey R. Newberry |
| Texas Bar No. 06064900 | Texas Bar No. 24060966 |
| University of Houston | University of Houston |
| Law Center | Law Center |
| 4604 Calhoun Rd. | 4604 Calhoun Rd. |
| Houston, Texas 77204-6060 | Houston, Texas 77204-6060 |
| Tel. (713) 743-2171 | Tel. (713) 743-6843 |
| Fax (713) 743-2131 | Fax (713) 743-2131 |

*Counsel for Patrick Henry Murphy, Plaintiff*

## Certificate of Service

  I certify that on October 18, 2019, I electronically filed the foregoing pleading using the electronic case-filing system of the Court. A notice of electronic filing was sent to:

 Leah O'Leary
 Amy Prasad
 Office of the Attorney General
 P.O. Box 12548 7th Fl.
 William P. Clements Building
 Austin, Texas 78711-2548
 Tel. 512-463-2080

               s/ Jeffrey R. Newberry
               _____
               Jeffrey R. Newberry