IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| **PATRICK HENRY MURPHY, JR.,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| **BRYAN COLLIER,** Executive Director, § | |
| Texas Department of Criminal Justice, § | |
| Huntsville, Texas § | |
| § Civil No. 4:19-cv-01106 | |
| **LORIE DAVIS,** Director, Texas Department § ***CAPITAL CASE*** | |
| of Criminal Justice, Correctional Institutions § | |
| Division, Huntsville, Texas § | |
| § | |
| **BILLY LEWIS,** Warden, Texas Department § | |
| of Criminal Justice, Huntsville Unit, § | |
| Huntsville, Texas § | |
| § | |
| *Defendants*. § | |

**MOTION FOR STAY OF EXECUTION
PENDING DISPOSITION OF PLAINTIFF'S AMENDED
COMPLAINT FILED PURSUANT TO 42 U.S.C. §1983**

**MR. MURPHY IS SCHEDULED TO BE EXECUTED
ON WEDNESDAY, NOVEMBER 13, 2019, AFTER 6:00 P.M.**

TO UNITED STATES DISTRICT JUDGE GEORGE C. HANKS, JR.:

Patrick Murphy is scheduled to be executed on November 13, 2019 – nine days from the date on which this Motion is filed. The upcoming

1

execution date is Murphy's second; his execution was first scheduled for March 28, 2019. Approximately one month in advance of that date, Murphy began the process of seeking to insure he would be accompanied throughout the day, and in the execution chamber, by his spiritual advisor. Murphy is a practicing Buddhist.

On the very day of that scheduled execution, the Supreme Court of the United States, by a vote of six-to-three, issued a stay of execution shortly after 8 o'clock p.m. central time.[1] A copy of the Supreme Court's order is attached as Exhibit 1. The State of Texas had taken the position Murphy was engaging in last-minute litigation, and the State asserted Murphy had waited too long to raise the issue. The Supreme Court unequivocally rejected those claims. Because Murphy was not entitled to a stay of execution if the Court believed he had waited too long to raise the issue, the Supreme Court, in granting the stay, necessarily found he had acted in a timely fashion. Indeed, Justice

---

[1] The Court ordered the State could "not carry out Murphy's execution pending the timely filing and disposition of a petition for a writ of certiorari unless the State permits Murphy's Buddhist spiritual advisor or another Buddhist reverend of the State's choosing to accompany Murphy in the execution chamber. *Murphy v. Collier*, 139 S.Ct. 1475, 1475 (2019). The Court disposed of Murphy's subsequently filed petition today, November 4, 2019. *See infra* note 2.

2

Kavanaugh made this point expressly; he emphasized: "Under all the circumstances of this case, I conclude that Murphy made his request to the State in a sufficiently timely manner, one month before the scheduled execution." *Murphy v. Collier*, 139 S.Ct. 1475, 1476 n.* (2019) (Kavanaugh, J., concurring).

Three events of note transpired following the Supreme Court's issuance of the stay. First, this Court, recognizing the Supreme Court had determined Murphy had acted in a timely fashion to protect his rights under the Establishment and Free Exercise Clauses and the Religious Land Use and Institutionalized Persons Act (RLUIPA), immediately convened a discovery conference, and the parties began the process of discovery, including the taking of depositions and serving of interrogatories. Second, on June 25, 2019, Murphy timely filed his Petition for a Writ of Certiorari, as directed by the Supreme Court in its order staying Murphy's execution in March.[2] Third, on August 12 –

---

[2] Murphy's Petition was docketed as cause number 18-9832. The State of Texas sought two extensions before filing its Opposition in the Supreme Court, and finally filed that pleading on September 27, 2019. Earlier today, the Supreme Court denied Murphy's Petition. Notably, however, the principal (and arguably the only) issue ripe for review in that Petition was the question of whether Murphy had sought relief in a timely manner, and, as indicated in the text of this Motion, the

notwithstanding the fact discovery in this case was ongoing – the state court set Murphy's execution for November 13.

Counsel for Murphy opposed the setting of an execution date. Counsel argued the setting of a date violated the spirit, if not the letter, of the Supreme Court's stay order and, as importantly, would interfere with the orderly litigation ongoing in the present case. To the extent this litigation can be deemed "last minute litigation," it is occurring at the last minute solely because the State of Texas has interfered with the federal process by setting an execution date before discovery in Murphy's properly filed action under 42 U.S.C. § 1983 has been completed. Indeed, in opposing the setting of an execution date in the trial court, Murphy's counsel informed the court precisely that a decision to set a date would interfere with the ongoing litigation. Murphy's counsel explained: "If the Supreme Court denies Murphy's pending petition and if Murphy is also denied relief by the federal courts on the claims that are currently pending in the federal district court, there would be no impediment to this Court's scheduling Murphy

---

fact the Supreme Court issued the stay in March conclusively resolved that question in Murphy's favor.

4

to be executed."³ The District Attorney and the trial court, however, were unmoved, and pushed for an execution date in spite of the fact it was apparent the ongoing litigation would not be complete by November 13.

The only reason it is necessary for Murphy to request a stay of execution, therefore, is that the State of Texas initiated a process designed to interfere with Murphy's access to the federal courts and his attempt to have the federal courts protect his right of religious liberty – an attempt the Supreme Court deemed timely in March 2019. It is clear, however, in view of the Supreme Court's decision in March 2019, as well as in view of the disputed factual questions in the ongoing litigation, that Murphy is entitled to a stay.

Mr. Murphy is entitled to a stay of execution if this Court finds he has established: (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury outweighs any harm that will result if the stay is granted; and (4) that the stay will not disserve the public interest. *Sells v. Livingston*, 750

---

³ ECF No. 44-1 at 5.

F.3d 478, 480-81 (5th Cir. 2014); *see also Hill v. McDonough*, 547 U.S. 573, 584 (2006); *Barefoot v. Estelle*, 463 U.S. 880, 895-96 (1983).

On April 2, 2019, the State of Texas apparently attempted to address the problem in the execution chamber identified in Justice Kavanaugh's opinion. On that day, Defendant Davis issued a new execution protocol which forbids chaplains and spiritual advisors of all faiths from being present in the execution chamber during an execution. However, whether this new policy satisfies the issues raised by Murphy concerning the protocol inside the execution chamber is uncertain. As Plaintiff has argued in his Amended Complaint,[4] the new policy evinces a hostility toward religion generally. Moreover, the new policy does not address Murphy's claims arising under the Free Exercise Clause and the RLUIPA. See *Murphy*, 139 S.Ct. at 1483 n.4 (Alito, J., joined by Thomas and Gorsuch, JJ., dissenting).[5]

---

[4] ECF No. 22. Murphy filed his Amended Complaint on April 18 – only sixteen days after Davis issued the new policy.

[5] "But Murphy also asserts Free Exercise and RLUIPA claims, which, as he frames them, do not depend on disparate treatment of different religions or denominations. If States respond to the decision on Murphy's stay application by banning all clerics from the execution room, that may obviate any conflict with the Establishment Clause, but a prisoner might still press free exercise claims." *Murphy*, 139 S.Ct. at 1483 n.4 (Alito, J., dissenting).

Moreover, even if the new TDCJ policy addresses one issue, it leaves another equally important issue undisturbed. Specifically, the disparate treatment of different religions continues to exist in the holding area where a condemned inmate is held in the hours before he is executed. The defect Justice Kavanaugh identified last March has simply not been eradicated by this policy adopted by TDCJ on April 2d.

Discovery in this case is ongoing. Nevertheless, the discovery that has already occurred reveals that, contrary to Defendants' claim that the State's chaplains serve a purely secular purpose in the holding area, TDCJ's Christian chaplains in fact serve a religious function as well. Those chaplains have indicated they would pray with Christian inmates during this time but would not engage in any activity with a prisoner who adheres to a different faith if that activity did not accord with the chaplain's personal religious faith.[6] Under the new policy, therefore, by TDCJ's own admission, TDCJ continues to prefer Christianity over other religious faiths; in short, TDCJ's new policy continues to discriminate against non-Christians in precisely the same manner six

---

[6] ECF No. 38-4 at 10-11, 24-25, 30-31; ECF No. 38-6 at 12-13, 30-32; ECF No. 38-8 at 21-23, 29-30.

justices, on March 28, deemed deserving of a stay. Accordingly, there is a substantial likelihood Murphy will prevail on the merits of his claims.

If a stay is not granted, Murphy will suffer an irreparable injury; he will be executed while being denied his right to exercise his religion. This injury outweighs the costs, if any, incurred by the Defendants if they are forced to reschedule Murphy's execution for a later date. Accordingly, Murphy is entitled to a stay of execution so that this Court can fully consider his Amended Complaint filed pursuant to 42 U.S.C. § 1983. Murphy is entitled to a stay until the Defendants are able to and agree to carry out his execution in a manner consistent with the U.S. Constitution and federal law.

DATED:  November 4, 2019

        Respectfully submitted,

        /s/ David R. Dow

        _____

        David R. Dow
        Texas Bar No. 06064900
        University of Houston Law Center
        4604 Calhoun Rd.
        Houston, Texas 77204-6060
        713-743-2171
        ddow@central.uh.edu

        /s/ Jeffrey R. Newberry

        _____

        Jeffrey R. Newberry
        Texas Bar No. 24060966
        University of Houston Law Center
        4604 Calhoun Rd.
        Houston, Texas 77204-6060
        713-743-6843
        jrnewber@central.uh.edu

## Certificate of Conference

I certify that I have conferred with opposing counsel, Edward Marshall, in a good faith attempt to resolve the matter without court intervention and the motion is opposed.

s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry

## Certificate of Service

      I certify that on November 4, 2019, I electronically filed the foregoing pleading using the electronic case-filing system of the Court. A notice of electronic filing was sent to:

    Leah O'Leary
    Amy L. Prasad
    Law Enforcement Defense Division
    Office of the Attorney General
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548
    Leah.Oleary@oag.texas.gov
    Amy.Prasad@oag.texas.gov

    Edward L. Marshall
    Matthew D. Ottoway
    Gwendolyn S. Vindell
    Criminal Appeals Division
    Office of the Attorney General
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548
    Matthew.Ottoway@oag.texas.gov
    Gwendolyn.Vindell2@oag.texas.gov

                                      s/ Jeffrey R. Newberry
                                      _____
                                      Jeffrey R. Newberry