IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK HENRY MURPHY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-19-1106 |
| TDCJ EXECUTIVE DIRECTOR, | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Patrick Henry Murphy, an inmate on Texas' death row, filed suit under 42 U.S.C. § 1983 because the defendants will limit access to his chosen spiritual advisor before and during his execution. This Court scheduled a bench trial. On the parties' joint motion, the Court continued the trial because of the COVID-19 pandemic. (Docket Entry Nos. 86, 90).

Since Murphy filed this lawsuit, two other Texas inmates have likewise filed civil-rights actions seeking the presence of their spiritual advisors in the execution chamber. First, Rubin Gutierrez filed a civil-rights lawsuit to have what was guaranteed before the April 2, 2019, change in Texas Department of Criminal Justice policy: a TDCJ-employed chaplain to accompany him during his final moments in the execution chamber. *Gutierrez v. Saenz*, 1:19-CV-00185. The Supreme Court recently stayed Gutierrez execution and instructed the District Court to "promptly determine, based on whatever evidence the parties provide, whether serious security problems would result if a prisoner facing execution is permitted to choose the spiritual adviser the prisoner wishes to have in his immediate presence during the execution." *Gutierrez v. Saenz*, No.

(19A1052), 2020 WL 3248349, at *1 (June 16, 2020). The parties in *Gutierrez* will provide briefing on the execution chamber claims by September 22, 2020.

Second, Texas inmate John Henry Ramirez recently filed a civil case raising an execution chamber issue similar to the one in this lawsuit. *Ramirez v. Collier*, 2:20-cv-205. According to Ramirez's complaint, he requested to have his spiritual advisor, Pastor Dana Moore, present during his execution. *Ramirez v. Collier*, 2:20-cv-205. It appears from the complaint in *Ramirez* that Pastor Moore has not been employed by TDCJ. Ramirez alleged that "TDCJ previously cleared Pastor Moore to be in its execution chamber when another condemned prisoner, Joseph Christopher Garcia, was executed in December 2018." *Ramirez v. Collier*, 2:20-cv-205, Docket Entry No. 1. Ramirez, however, recently reached an agreement with the State of Texas to withdraw his execution date in return for voluntarily dismissing his lawsuit. *Ramirez v. Collier*, 2:20-cv-205, Docket Entry No. 2.

With the similar issues raised by other cases, the strict timeline put in place in *Gutierrez*, and the continued pandemic, the Court **ORDERS** the parties to confer and provide a joint status report describing the influence of the related cases on this one, whether the issues in the related cases will require additional briefing or discovery in this action, the anticipated path forward in this litigation, and any other matters deemed necessary by the parties. The parties will provide the briefing within ten (10) days from the entry of this Order.

**SIGNED** at Houston, Texas, on _____September 1_____, 2020.

_George C. Hanks Jr._
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE