IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY MURPHY, JR.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-19-1106 |
| | § | |
| **TDCJ EXECUTIVE DIRECTOR,** | § | |
| **BRYAN COLLIER,** et al., | § | |
| | § | |
| *Defendants*. | § | |

## JOINT STATUS REPORT

Pursuant to the Court's September 1, 2020 Order (ECF No. 94), Plaintiff and Defendants file this Joint Status Report.

**I.   The influence of *Ramirez v. Collier*, No. 2:20-cv-205, and *Gutierrez v. Saenz*, No. 1:19-cv-00185, on this case**

   **A.   *Ramirez v. Collier***

The parties do not believe the case of *Ramiriez v. Collier* should have any effect on this case. As the Court noted in its September 1, 2020 Order, Ramirez has voluntarily dismissed his lawsuit. Moreover, the parties are not aware of any document or witness that could provide support for Ramirez's allegation that a non-TDCJ employed pastor was cleared to be in the execution chamber when Joseph Garcia was executed in December 2018.

   **B.   *Gutierrez v. Saenz***

Ruben Gutierrez had been scheduled to be executed on June 16, 2020. However, on that day, the United States Supreme Court entered an order staying

his execution pending the disposition of his petition for a writ of certiorari. *Gutierrez v. Saenz*, No. 19-8695, 2020 WL 3248349, at *1 (U.S. June 16, 2020). The order instructed the district court in Gutierrez's case to "promptly determine, based on whatever evidence the parties provide, whether serious security problems would result if a prisoner facing execution is permitted to choose the spiritual adviser the prisoner wishes to have in his immediate presence during the execution." *Id.* The attorneys representing Gutierrez and the attorneys for the defendants in that case (who are the same attorneys who represent Defendants in this case) have been engaged in discovery since that time. The parties are currently scheduled to file their briefs on September 22.

The question the district court in *Gutierrez* has been instructed to answer is one of the questions this Court must answer in this proceeding. While the district court's opinion will not be binding on this Court, any subsequent opinion from the Supreme Court might be, especially on Murphy's claims regarding whether he should have access to his spiritual advisor while inside the execution chamber. As noted below, the portion of Murphy's suit pertaining to the time before he is escorted to the execution chamber will not be affected by any decision in *Gutierrez*.

II. **Whether additional discovery is needed in this case**

Counsel for Defendants have produced documents and witnesses have given depositions in *Gutierrez* that are relevant to this proceeding. These pertain to subjects including: the program maintained by TDCJ through which persons who volunteer to work with TDCJ-employed chaplains are both vetted and trained, the

religious affiliations of the chaplains currently employed by TDCJ, the process through which TDCJ contracts with non-employed chaplains, and the training received by those who are allowed to be present in the execution chamber during executions.

Because of the relatedness of *Gutierrez* to this case, Counsel for Defendants made available all of the discovery from this case to Counsel for Gutierrez. Should this Court find it appropriate to do so (and the parties believe it is appropriate), Counsel for Defendants have agreed to similarly make available to Counsel for Murphy all of the additional discovery provided to Gutierrez, including documents and deposition testimony, subject to the protections of the protective order entered in this case for all documents and testimony designated as "Confidential/Attorney's Eyes Only." In return, Counsel for Murphy have agreed to ask for no further discovery at this time.

### III. Whether additional briefing is needed in this case

The parties do not believe additional briefing is needed in this case at this time but would be happy to provide any briefing which this Court might request. If this case remains pending when an opinion is issued in *Gutierrez*, further briefing addressing that opinion may be of interest to the Court.

### IV. The anticipated path forward in this litigation

As stated above, it is unclear what precedential effect any decision from the Supreme Court in *Gutierrez* will have on the portion of Murphy's suit pertaining to the execution chamber. The parties agree that regardless of the eventual *Gutierrez*

opinion, the portion of Murphy's suit pertaining to the time before he is escorted to the execution chamber will remain unresolved. Accordingly, the parties suggest that a bench trial for Murphy's claims be scheduled only after the Supreme Court has issued an opinion in *Gutierrez*.

Respectfully submitted,

/s/ David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
713-743-2171
ddow@central.uh.edu

/s/ Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 772040-6060
713-743-6843
jrnewber@central.uh.edu

*Counsel for Plaintiff*

/s/ Leah O'Leary
Texas Bar No. 24079074
Southern Filing No. 1563191
Assistant Attorney General
Leah.Oleary@oag.texas.gov

/s/ Amy L. Prasad
Texas Bar No. 24037295
Southern Filing No. 563045
Assistant Attorney General
Amy.Prasad@oag.texas.gov

Law Enforcement Defense Division
P.O. Box 12548
Austin, Texas 78711-2548
P: 512-463-2080

*Counsel for Defendants*