IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK HENRY MURPHY, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:19-cv-1106 |
| § | | |
| TDCJ EXECUTIVE DIRECTOR § | | |
| BRYAN COLLIER, CID DIRECTOR § | | |
| BOBBY LUMPKIN, AND WARDEN § | | |
| DENNIS CROWLEY, *Defendants.* § | | |

### **JOINT STATUS REPORT**

The parties have conferred to present this joint status report as requested by the Court. As the Court noted, TDCJ adopted a new Execution Procedure on April 21, 2021, which outlines a process for vetting and approval of an inmate's chosen spiritual advisor to be present inside the execution chamber at the time of the inmate's execution.

Pursuant to the Execution Procedure, once an inmate receives an execution date, the process for vetting and approval of his spiritual advisor is triggered. Because Plaintiff Murphy has a stay of execution and no scheduled execution date, the vetting and approval process for his spiritual advisor has not been triggered. The new Execution Procedure also expands the time that an inmate may visit with his spiritual advisor in the pre-execution holding area, which now permits spiritual advisor visitation from 3:00 to 5:00 p.m.

**The Parties' Positions Regarding Remaining Claims**

Plaintiff Murphy asserts that his claim relating to the execution chamber is not moot because his spiritual advisor has not yet been approved to be present inside the execution chamber, and there is no way to know whether his spiritual advisor will be approved because

1

the amended protocol does not specify on what basis his request might be rejected. Furthermore, there is no reassurance that TDCJ will not again amend its policy before he is scheduled to be executed and revert to its previous policy.

Defendants assert that Murphy's claim relating to the execution chamber *is* moot and that any hypothetical as-applied challenge to the vetting and approval process is not ripe. Defendants assert that a background check is practical and predictable, and that Murphy and his spiritual advisor are in the best position to know whether his spiritual advisor has a criminal background. Defendants further assert that there is no evidence suggesting TDCJ will amend the execution policy such that Murphy could utilize the process.

Plaintiff Murphy continues to assert that the limitation on access to his spiritual advisor in the pre-execution holding area substantially burdens his religious exercise. He further claims that the limitation violates the Establishment Clause because the presence of TDCJ-employed chaplains in the holding area is not equal to the two-hour allotment for spiritual advisor visits.

To the extent Murphy's claims regarding access to his spiritual advisor are not moot, Defendants assert that the designation of two hours for an inmate to visit with his spiritual advisor in the pre-execution holding area is the least restrictive means of furthering compelling government interests in security, and that the time TDCJ-employed chaplains may be performing secular functions in the holding area is not significantly more time than spiritual advisors are allotted.

### **Proposed Schedule**

Defendants believe that a new dispositive motion deadline is appropriate because the previous motions for summary judgment involved an execution policy that no longer exists.

Defendants seek to put forth argument and evidence relating to the new Execution Procedure, including the issues of mootness and ripeness. Murphy's attorneys have indicated they are agreeable to Defendants' proposal.

Accordingly, the parties propose the following deadlines:

Dispositive motions due: October 1, 2021

Responses to dispositive motions due: November 1, 2021

Replies due: November 12, 2021.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Chief, Law Enforcement Defense Division

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24079074
Southern District No. 1563191
Leah.Oleary@oag.texas.gov

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9918

3

**ATTORNEYS FOR DEFENDANTS COLLIER, LUMPKIN, AND CROWLEY**

/s/ David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
713-743-2171
ddow@central.uh.edu

/s/ Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 772040-6060
713-743-6843
jrnewber@central.uh.edu

**ATTORNEYS FOR PLAINTIFF PATRICK MURPHY**

### NOTICE OF ELECTRONIC FILING

I, **LEAH O'LEARY**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the foregoing in accordance with the Electronic Case Files system of the Southern District of Texas, on August 20, 2021.

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, **LEAH O'LEARY**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been served on all attorneys of record by electronic notification through the ECF system for the Southern District of Texas on August 20, 2021, to all attorneys of record.

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General